UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUEONTAY DL CHAPMAN,

Plaintiff,

v.                                                    Case No. 26-cv-0465-bhl

MILWAUKEE COUNTY JAIL,

Defendant.

## DECISION AND ORDER

Plaintiff Queontay DL Chapman, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). The Prison Litigation Reform Act (PLRA) applies to this case because Chapman was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that Chapman has twelve closed cases and has accumulated five strikes: (1) *Chapman v. Milwaukee Cnty. Jail*, Case No. 25-cv-1611-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025); (2) *Chapman v. Milwaukee Cnty. Jail*, Case No. 25-cv-1612-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025); (3) *Chapman v. Milwaukee Cnty. Jail*, Case No. 25-cv-1668-BHL (dismissed as frivolous on December 12, 2025); (4) *Chapman v. Dantzler*, Case No. 25-cv-1588-BHL (dismissed for failure to state a claim and as frivolous on December 12, 2025); and (5) *Chapman v. Milwaukee Cnty. Jail*, Case No. 25-cv-1760-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025).

Because Chapman has filed at least three lawsuits that were dismissed for failure to state a claim, the Court must deny his request to proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (*quoting Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Like Chapman's previous complaints, his current complaint is legally frivolous and consists of pages of perceived wrongs, including allegations involving President Donald Trump and Vice President J.D. Vance, allegations of being "gang stalked" by "pedophile stripper cops and drunks," and allegations against "child molester women that always want dark skin skinny men." Dkt. No. 1. None of his allegations demonstrate that he is in imminent danger of serious physical injury, so he is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. §1915(g).

Because Chapman has struck out and his allegations do not give rise to a reasonable inference that he is in imminent danger of serious physical injury, the Court will deny his request to proceed *in forma pauperis*. If Chapman wants to proceed with this case, he must first pay the $405 civil case filing fee. If he is unable to prepay the full filing fee by the deadline below, the Court will dismiss this case without prejudice and, pursuant to 28 U.S.C. §1915(b)(1), will require Chapman to pay the $350 statutory filing fee over time in the manner set forth in the statute.

**IT IS THEREFORE ORDERED** that Chapman's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Chapman wants to proceed with this case, he must make arrangements to pay the $405 filing fee by **April 16, 2026**. If the Court receives the filing fee by the deadline, the Court will screen the complaint as required by 28 U.S.C. §1915A. If the Court does not receive the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Milwaukee, Wisconsin this 26th day of March, 2026.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

2